UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS HODGETTS,

          Plaintiff,

-vs-                                        Case No. 2:09-cv-75-FtM-99SPC

CITY OF VENICE,

          Defendant.
_____

## ORDER

       This matter comes before the Court on Defendant's Motion for Extension of Deadline to Disclose Rebuttal Expert Report and Leave to Conduct Rule 35 Mental Examination (Doc. #41) filed on July 20, 2010. Plaintiff filed his Response on July 26, 2010 (Doc. #42). The Motion is now ripe for review.

       This lawsuit involves claims under the Americans with Disabilities Act, and the Florida Civil Rights Act wherein Plaintiff claims that he has suffered mental and emotional damages related to his alleged treatment at the hands of his former co-workers and supervisors at the City of Venice. On March 1, 2010, Plaintiff's counsel informed Defendant that he planned to elicit at trial medical and psychiatric opinion testimony from two of Plaintiff's treating doctors and counselors - Dr. William Briscoe, M.D., Dr. William F. Pfifer, M.D., and Dr. Jake Aslanian, M.D. No expert reports were provided for these witnesses, but they were deposed by Defense counsel on June 15, 2010. Defendant asserts that after taking their depositions, it became apparent that these witnesses will play a significant role in supporting Plaintiff's claim for emotional damages. Specifically, they testified that Plaintiff's emotional state (*i.e.*, depression) is severe and permanent, and related to events concerning his prior employment with the City.

Defendant now wishes to retain and disclose a rebuttal expert witness in the area of psychiatry, who may testify at trial and would rebut the opinions of Drs. Briscoe and Aslanian. Defendant also moves for leave for their retained expert to conduct a Rule 35 independent mental examination of Plaintiff. The deadline to disclose rebuttal expert reports was April 30, 2010.

Rule 35 of the Federal Rules of Civil Procedure states in pertinent part:

> When the mental or physical condition (including the blood group) of a party or of a person . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Fed. R. Civ. P. 35(a).

To be entitled to an independent mental examination, under the terms of the Rule, the Defendant must establish that the Plaintiff has put his mental condition "in controversy" and must also show "good cause" for the examination. Courts have developed several factors used to determine whether or not a Rule 35 motion should be granted. Schlunt v. Verizon Directories Sales-West, Inc., 2006 WL 1643727 * 2 (M.D. Fla. June 12, 2006). Those factors used by courts to address "in controversy" requirement in Rule 35 are as follows: "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress: (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that her mental condition is in controversy within the meaning of Rule 35." Id. (citing Bethel v Dixie Homecrafters, Inc., 192 F.R.D. 320, 322 (N.D. Ga. 2000) (internal quotations omitted)). Courts often merge the factors used to determine good cause with those used to demonstrate the in controversy requirements. Schlunt, 2006 WL 1643727 at * 2. Moreover, courts have found good

cause when questions arise regarding the substantial cause and extent of emotional problems. Id. (citing Eckman v. University of Rhode Island, 160 F.R.D. 431, 434 (D. R.I. 1995)).

Here, with regard to the "in controversy" requirements, Defendant argues that Plaintiff has placed his mental condition in controversy by asserting a claim of mental and emotional injury. He contends that he has suffered mental anguish and is depressed as a result of Defendant's alleged actions, for which he seeks recovery of damages. He has also stated that the will offer testimony at trial regarding his psychiatric condition from two of his doctors. Thus, the Court finds that Defendant has satisfied the "in controversy" requirement as Plaintiff has made an allegation of a specific mental or psychiatric injury or disorder.

With regard to whether Defendant has shown "good cause" to conduct a Rule 35 mental examination, Plaintiff argues that this request is without good cause and untimely because the deadline to disclose a rebuttal expert was April 30, 2010, and that Defendant knew prior to this date that Drs. Briscoe and Pfifer would testify regarding Plaintiff's mental condition. Further, Plaintiff's counsel informs the Court that he provided Defense counsel with the doctors' deposition testimony and medical reports from Plaintiff's retirement case that was before the Florida State Retirement Commission in 2008 in which they testified to Plaintiff's mental condition. Thus, Plaintiff argues that Defendant had actual and complete knowledge of the testimony of each doctor prior to Plaintiff's disclosure deadline.

Plaintiff's argument is not well taken. The Court finds that the City was only aware as to what Drs. Briscoe and Aslanian would testify to *in this case* after their depositions on June 15, 2010, and it is reasonable that the City would not rely on testimony given in Plaintiff's retirement case that was given two years ago. The issues between that proceeding and this one likely bear little

similarity. Further, good cause exists because the City would be prejudiced if it is not permitted to present rebuttal expert testimony related to Plaintiff's claimed mental and emotional damages, including the cause and severity of his alleged mental condition. Thus, the Motion is due to be granted.

Pursuant to Rule 35, a court's order granting leave to conduct the examination must also specify the date, time, and location for the examination. Defendant states that it will conduct an examination on or before September 1, 2010, and disclose its expert report by September 15, 2010. These dates are acceptable and Defendant shall work with Plaintiff to find a mutually agreeable date, time, and location. Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Extension of Deadline to Disclose Rebuttal Expert Report and Leave to Conduct Rule 35 Mental Examination (Doc. #41) is **GRANTED**. Defendant is granted leave to conduct a Rule 35 mental examination of Plaintiff with their retained expert by **September 1, 2010.** Defendant shall work with Plaintiff and Plaintiff's counsel to find a mutually agreeable date, time, and location by this date.

(2) Defendants' deadline to disclose its rebuttal expert report is **September 15, 2010.**

(3) All other deadlines remain unchanged.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of August, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record