UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS HODGETTS,

    Plaintiff,

v.

CITY OF VENICE, FLORIDA,

    Defendant.

CASE NO.: 8:11-cv-00144-EAK-EAJ

## ORDER ON DEFENDANT'S MOTION IN LIMINE

This cause is before the Court on Defendant's Motion in Limine, (Doc. 61), and Plaintiff's Response to Defendant's Motion in Limine, (Doc. 64). For the reasons set forth below, Defendant's Motion in Limine is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff, Tom Hodgetts, initiated this action on February 2, 2009, against Defendant, City of Venice, Florida, for violations of the Americans with Disabilities Act (ADA), 41 U.S.C. § 12111, and the Florida Civil Rights Act, §§ 760.01-760.11, *Fla. Stat.* (FCRA). Plaintiff's Amended Complaint, filed February 25, 2010, alleged eight counts including hostile work environment/harassment, discrimination, failure to make accommodations, and retaliation. Defendant filed an Amended Motion for Summary Judgment on August 31, 2010. Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment on September 28, 2010.

Plaintiff filed a Motion in Limine on September 7, 2010, and Defendant filed its response on September 30. Defendant filed this Motion in Limine on October 3, 2010, and Plaintiff filed his response on October 6, 2010. On January 14, 2011, Judge Honeywell ordered that the case be transferred to the Tampa Division of the Middle District of Florida. This Court, by separate

order, has granted Defendant's Motion for Summary Judgment with respect to Plaintiff's charge of hostile work environment/harassment, and denied it with respect to Plaintiff's charges of discrimination, failure to make accommodations, and retaliation.

## DISCUSSION

### I. Standard of Review

Trial judges are authorized to rule on motions in limine pursuant to the authority to manage trials, *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984), and judges have broad discretion when ruling on such motions, *see Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Limine rulings are provisional rulings and the trial judge may reverse the decision during the course of a trial. *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000). The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Stewart v. Hooters of America, Inc.*, 2007 WL 1752873 *1 (M.D.Fla. June 18, 2007). A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Id.* (citing *Luce*, 469 U.S. at 41 (holding federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose. *Stewart*, 2007 WL 1752873 at *1 (citing *Hawthorne Partners v. AT & T Technologies*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993)).

### II. Defendant's Motion in Limine

#### A. Plaintiff's Prior EEOC Charges

Plaintiff has filed several EEOC charges in the past relating to his disability. His first was in 2000 against Rick Napoli and was settled out of court for money damages. (Hodgetts Dep. 66: 13-22.) He filed another against Mr. Napoli in 2005, alleging that Mr. Napoli made comments,

which Mr. Hodgetts found derogatory, and it was disposed of without payment. (Doc. 48 Ex. 26.) Defendant argues that these prior EEOC complaints should not be presented at trial as they would serve only to inflame the jury, cloud the issue, and mire the proceedings. (Def.'s Mot. Limine 4.)

Plaintiff argues that one of the main claims against the Defendant is retaliation for previous EEOC complaints, and that these prior complaints are "at the heart" of this claim. (Pl.'s Resp. Def.'s Mot. Limine 1.) Plaintiff goes on to indicate that he would not go into the prior charges unless the City attempts to argue that they are unfounded or otherwise attacks the merits of the claim. (*Id.* at 2.)

Plaintiff is correct in noting that the existence of these prior EEOC complaints are critical to forming the basis of his retaliation claim. However, the substance of the complaints is not at issue in this case, and indeed Plaintiff does not intend to debate the substance or veracity of these claims unless Defendant puts them at issue. Furthermore, there is a substantial likelihood of prejudice to the Defendant if the substance of these claims is presented during the trial, not to mention the issues of efficiency.

Therefore, Defendant's Motion in Limine is **GRANTED** with respect to the substance and outcome of Mr. Hodgett's prior EEOC charges. However, Defendant's motion is **DENIED** to the extent that Plaintiff must mention these prior claims to create a basis for his retaliation claims. Plaintiff may mention the existence of the prior claims to the extent they relate to his retaliation claim but is barred from introducing the substance, merits, or outcome of the complaints.

B.   Defendant's Insurance Policy

Defendant maintains an insurance policy which may provide coverage in the event that Plaintiff is successful. (Def. Mot. 4.) Defendant argues that the existence of such a policy should not be presented at trial and correctly cites Rule 411. (*Id.*) In addition, Plaintiff has no intention

of introducing the existence of the insurance policy at trial. (Pl.'s Resp. 2.) Therefore, Defendant's Motion in Limine is **GRANTED** with respect to the existence of the City's insurance policy. Accordingly, it is:

**ORDERED** that Defendant's Motion in Limine (Doc. 61) is **DENIED** in part, to the extent that Plaintiff must mention the existence of such complaints as the basis of his retaliation claim. In addition, Defendant's Motion in Limine is **GRANTED** with regard to the existence of Defendant's insurance coverage. The Court reserves the right to modify its position based on how the trial unfolds or for any other practical consideration.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 6th day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record