## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS HODGETTS,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          )        CASE NO.: 8:11-cv-00144-EAK-EAJ
CITY OF VENICE, FLORIDA,                  )
                                          )
        Defendant.                        )
_____)

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

This cause is before the Court on Plaintiff's Motion in Limine, (Doc. 51), and Defendant's

Response in Opposition to Plaintiff's Motion in Limine, (Doc. 57). For the reasons set forth

below, Plaintiff's Motion in Limine is **GRANTED**.

## BACKGROUND

Plaintiff, Tom Hodgetts, filed this action on February 2, 2009, against the City of Venice,

Florida for violations of the Americans with Disabilities Act (ADA), 41 U.S.C. § 12111, and the

Florida Civil Rights Act, §§ 760.01-760.11, *Fla. Stat.* (FCRA). Plaintiff's Amended Complaint,

filed February 25, 2010, alleged eight counts including hostile work environment/harassment,

discrimination, failure to make accommodations, and retaliation. Defendant filed an Amended

Motion for Summary Judgment on August 31, 2010. Plaintiff filed his Opposition to Defendant's

Motion for Summary Judgment on September 28, 2010.

Plaintiff filed this Motion in Limine on September 7, 2010, and Defendant filed its

response on September 30. Defendant filed its own Motion in Limine on October 3, 2010, and

Plaintiff filed his response on October 6, 2010. On January 14, 2011, Judge Honeywell ordered

that the case be transferred to the Tampa Division of the Middle District of Florida. This Court

granted Defendant's Motion for Summary Judgment with respect to Plaintiff's charge of hostile

work environment/harassment, and denied it with respect to Plaintiff's charges of discrimination,

failure to make accommodations, and retaliation.

## DISCUSSION

### I.      Standard of Review

Trial judges are authorized to rule on motions in limine pursuant to the authority to

manage trials, *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984), and judges have broad discretion when

ruling on such motions, *see Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

Limine rulings are provisional rulings and the trial judge may reverse the decision during the

course of a trial. *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000).  The real purpose of a Motion In

Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of

damaging evidence, which may irretrievably affect the fairness of the trial. *Stewart v. Hooters of*

*America, Inc.,* 2007 WL 1752873 *1 (M.D.Fla. June 18, 2007).  A court has the power to exclude

evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Id.* (citing

*Luce*, 469 U.S. at 41 (holding federal district courts have authority to make in limine rulings

pursuant to their authority to manage trials)). The court excludes evidence on a Motion In Limine

only if the evidence is clearly inadmissible for any purpose. *Stewart,* 2007 WL 1752873 at *1

(citing *Hawthorne Partners v. AT&T Techs.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)).

### II.     Plaintiff's Motion in Limine

Plaintiff seeks to exclude evidence related to the investigation, conducted by the Venice

Police Department, into the letter Theresa Wulke gave to Mr. Hodgetts in 2007. (Pl.'s Mot.

Limine 1.)  This letter contained allegations of a meeting between Ms. Krabill and Mr. Napoli,

where they plotted to overwork Mr. Hodgetts or otherwise drive him from the Records Office.

(*See* Wulke Dep. Ex. 1.) Following Mr. Hodgetts' union complaint, the City investigated the allegations in the letter and exonerated Ms. Krabill of all charges. (Doc. 48 Ex. 10 & 11.) Plaintiff argues that the findings of that investigation lack a foundation and constitute an improper lay opinion about the credibility of Ms. Wulke's allegations. (Pl.'s Mot. at 2.) Furthermore, Plaintiff argues that this evidence essentially usurps the role of the jury in determining the credibility of a key witness and the substance of her testimony. (*See id.*)

Defendant argues that the investigation was conducted properly, including interviews of Mr. Hodgetts' coworkers by Lieutenant Bryde. (Def. Resp. Opp'n Pl. Mot. Limine 3-4.) Furthermore, Defendant argues that issues of foundation should be argued before a jury on cross examination. (*Id.* at 3.) Additionally, Defendant argues that this evidence is essential, as it tends to prove that the City acted properly and according to department procedures. (*Id.* at 4.) This is most significant for Defendant's affirmative *Faragher/Ellerth* defense to Plaintiff's harassment/hostile work environment claims. (*Id.*)

Having granted in part Defendant's Motion for Summary Judgment, by separate order, and, in doing so, dismissed Plaintiff's claim for harassment/hostile work environment, this Court finds that the major probative value of evidence resulting from the Internal Affairs investigation into Ms. Wulke's letter is gone. Aside from demonstrating that the City followed proper procedure by investigating Mr. Hodgetts' claims of harassment, there does not appear to be a substantial probative value. On the other hand, this evidence could be highly prejudicial in determining the credibility of Ms. Wulke and her letter. Weighing the credibility of witnesses and testimony is a quintessential role of a jury, and evidence which appears to do the jury's job for it, is highly prejudicial. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Accordingly, it is:

**ORDERED** that Plaintiff's Motion in Limine (Doc. 51) is **GRANTED**.  The Court reserves the right to modify its position based on how the trial unfolds or for any other practical consideration.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 6th day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record